970 So.2d 227 (2007)
Anthony M. BERRYHILL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00243-COA.
Court of Appeals of Mississippi.
December 4, 2007.
Anthony M. Berryhill, Appellant, pro se.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
IRVING, J., for the Court.
¶ 1. Anthony Berryhill pleaded guilty to murder in 1995 and was sentenced to a mandatory life sentence in the custody of the Mississippi Department of Corrections. Berryhill then filed three different motions for post-conviction relief, the most recent of which was in 2006. The Lee County Circuit Court denied Berryhill's most recent motion. Aggrieved, he appeals and asserts five points of error that he believes entitle him to relief.
¶ 2. Finding that Berryhill's appeal is barred, we affirm.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. Berryhill first requested post-conviction relief in 1997, and it is unclear as to whether Berryhill appealed the court's denial of his 1997 petition.[1] Berryhill again sought post-conviction relief on February 2, 2001. The trial court denied him relief, and Berryhill appealed the denial to the Mississippi Supreme Court. His appeal was ultimately dismissed for failure to file an appellate brief. The motion for post-conviction relief upon which Berryhill's current appeal is based was filed on October 27, 2006.
¶ 4. The trial court correctly denied Berryhill's third motion as being barred as a successive writ:
[A]ny order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article. Excepted from this prohibition is a motion . . . raising the issue of the convict's supervening insanity prior to the execution of a sentence of death. . . . Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable *229 at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-23(6) (Rev.2007). There is no evidence that the 1997 denial of post-conviction relief was reversed. Therefore, the 1997 judgment stands as a final judgment that bars Berryhill's subsequent motions for post-conviction relief. Berryhill has made no showing that he meets any of the exceptions detailed above. Therefore, the court correctly found that Berryhill's most recent motion for post-conviction relief is barred as a successive writ.
¶ 5. Furthermore, the State correctly points out that Berryhill's most recent petition is also untimely. According to Mississippi Code Annotated section 99-39-5(2) (Rev.2007), Berryhill had three years after his plea of guilty in which to file a motion for post-conviction relief. His most recent motion was filed over eleven years after his plea. Therefore, his motion for post-conviction relief is also time-barred.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE and MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The trial court stated that the denial of Berryhill's first motion for post-conviction relief had been affirmed by the Mississippi Supreme Court, but the State claims that the record is "unclear as to whether Berryhill sought appellate review of the 1997 denial of relief[.]" The record is void of any document showing whether Berryhill appealed the denial of his 1997 motion.